THOMAS H. FLOURNOY *v.* GEORGE A. ALLEN ET AL.

**Husband and Wife—Deed of Separation—Joint Estate.**

Upon separation by husband and wife, he made a deed of trust to his wife, reciting a consideration and "grants to the said J. B. Husbands as trustee aforesaid and in trust for said second party, and her heirs by said party of the first part, etc.' Held that the wife would be the sole beneficiary, but took by the deed a joint estate with her children, the word "heirs" being used for "children."

APPEAL FROM M'CRACKEN CIRCUIT COURT.

December 1, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

William Hurst, and Elizabeth, now Mrs. Read, having been married, and having children of that marriage, separated, and prior to October 28, 1855, were divorced, and on that day a deed between William Hurst, of the first part, Elizabeth Hurst, of the second part, and J. B. Husbands, trustee of the third part, was made. Which recites that the said party of the first part, for an in consideration of the sum of fifteen hundred dollars to him in hand paid, the receipt of which he acknowledged, grants to the said J. B. Husbands as trustee aforesaid, and in trust for said party of the second part, and *her heirs* by said party of the

first part, two lots in the town of Paducah, which are particularly described, and Mrs. Read, late Mrs. Hurst, and her husband, with her trustee having conveyed one of said lots and a remote vendee calling in question the sufficiency of the title, it becomes necessary to decide whether Mrs. Read is the sole beneficiary of said deed.

The trustee by the terms of the deed is to hold the property in trust for the party of the second part and *her heirs* by Hurst; if instead of the word *"heirs,"* children by said party of the first part, had been used in the instrument, there could scarcely be a doubt that they would have taken as purchasers a joint estate with their mother in the property conveyed. And if it were not used in that sense, why were the words "by party of *the first part"* added? Whereby the children of the two persons were as certainly identified as if they had been designated by name.

Taking the whole sentence together in which the grant is expressed, and it must be manifest that the word *"heirs"* was used for *children,* and that being the case, the children of the parties took by the deed a joint estate with their mother, constituting a joint tenancy.

And the judgment of the court below being in accordance with this conclusion, the same is *affirmed.*

*Husbands, for appellant.*

*Bigger & Moss, for appellees.*